1   DESAI LAW FIRM, P.C.
    Aashish Y. Desai, Esq. (SBN 187394)
2   Adrianne De Castro, Esq. (SBN 238930)
    3200 Bristol Street, Ste. 650
3   Costa Mesa, CA 92626
    Telephone:  (949) 614-5830
4   Facsimile:   (949) 271-4190
    aashish@desai-law.com
5   adrianne@desai-law.com

6   Attorneys for Plaintiff, CHARLES RODRIGUEZ
    and others similarly situated

7

8                 **UNITED STATES DISTRICT COURT**

9                      **EASTERN DISTRICT**

10

11  CHARLES RODRIGUEZ,                    )    CASE NO.:
    individually and on behalf of all     )
12  similarly situated current and former )    CLASS ACTION COMPLAINT
    employees,                            )    FOR:
13                                        )
                                          )    **1.  FAILURE TO PAY MINIMUM**
14                Plaintiff,              )        **WAGES (Lab. Code §§**
                                          )        **510,1194) ;**
15        v.                              )
                                          )    **2.  FAILURE TO PROVIDE PAID**
16                                        )        **10-MINUTE REST PERIODS**
    PENSKE LOGISTICS, LLC, a              )        **(Lab. Code § 226.7);**
17  Delaware Limited Liability Company,   )
    and DOES 1 through 10, inclusive      )    **3.  FAILURE TO PROVIDE**
18                                        )        **DUTY-FREE REST PERIODS**
                                          )        **OR COMPENSATION IN LIEU**
19                Defendants.             )        **THEREOF (Lab. Code §§ 226.7,**
                                          )        **512);**
20                                        )
                                          )    **4.  FAILURE TO PROVIDE**
21                                        )        **DUTY-FREE MEAL PERIODS**
                                          )        **OR COMPENSATION IN LIEU**
22                                        )        **THEREOF (Lab. Code §§ 226.7,**
                                          )        **512);**
23                                        )
                                          )    **5.  KNOWING AND**
24                                        )        **INTENTIONAL FAILURE TO**
                                          )        **PROVIDE ITEMIZED WAGE**
25                                        )        **STATEMENT (Lab. Code §**
                                          )        **226(a)(b))**
26                                        )
                                          )    **6.  FAILURE TO PAY WAGES**
27                                        )        **AT TERMINATION (Labor**
                                          )        **Code §§ 201-203)**
28  _____ )

                          **COMPLAINT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

)
)
)
)
)
)
)
)
)
)
)

**7. VIOLATIONS OF UNFAIR COMPETITION LAW (Bus. & Prof. Code §§ 17200-17208)**

**8. VIOLATION OF PRIVATE ATTORNEY GENERAL ACT ("PAGA", Lab. Code §§ 2699,** *et seq.***)**

**DEMAND FOR JURY TRIAL**

Plaintiff CHARLES RODRIGUEZ, on behalf of himself and all others similarly situated, complain and allege as follows:

### INTRODUCTION

1.     This case arises from Defendants' failure to pay employees minimum wages for all hours worked, failure to authorize and permit paid rest periods, failure to provide statutory off-duty meal periods to be taken, failure to provide proper, accurate itemized wage statements, and failure to pay all wages owed at separation to separated employees.  It is brought on behalf of certain California employees currently employed by, or formerly employed by, Defendants PENSKE LOGISTICS, LLC, a Delaware Limited Liability Company, conducting business throughout California, and DOES 1 through 10 (collectively referred to as "Defendants" or "PENSKE").  The proposed Plaintiff Class consists all California-based truck drivers, and other similarly situated California employees of Defendants ("Non-Exempt Employees" or "Drivers") who, during the class period, which is defined as four years prior to filing the complaint through the date of commencement of trial, did not receive minimum wages, did not receive accurate itemized wage statements, were not paid wages for rest periods at the regular rate of pay, were denied duty-free meal or rest periods (or requisite one hour of pay in lieu thereof at the employee's regular rate of pay), and were not paid all wages due at termination.

2.     During the class period, Defendants had a consistent policy of failing to pay minimum wages for all hours worked to Non-Exempt Driver Employees in California, including Plaintiff, in violation of California state wage and hour laws.  Specifically, for Plaintiff and all proposed Class Members, PENSKE and DOES 1-10 paid on a "piece rate" basis for mileage driven in a given day or shift.  For Plaintiff RODRIGUEZ, the rate was based on the number of miles he drove, which in a typical day of driving routes, ranged and approximated at $15.00 per hour; however, on certain days, the resulting compensation fell below the required

1

minimum wages as applicable to California employees pursuant to California Labor Code §510 and applicable Wage Orders issued by the Industrial Welfare Commission (IWC).  Plaintiff alleges that Wage Order 9-2001 is the applicable Wage Order.  Further, the piece rate pay system failed to provide minimum wage for hours worked but where mileage was not driven, including waiting times for deliveries, rest break periods, pre-and-post trip inspections, and other times subject to the employers' control but where no wages were paid.   Defendant's piece-rate and compensation system violates California law.  *See Gonzalez v. Downtown LA Motors LP,* 215 Cal. App. 4th 36 (2013) (piece-rate system must separately compensate drivers for all hours worked) and *Bluford v. Safeway Stores, Inc.* 216 Cal.App.4th 864 (2013) (rest breaks must be separately compensated under piece-rate system).  Under PENSKE's pay system, paid 10-minute rest breaks were not provided for qualifying shifts during the relevant time period and as a result, Plaintiff and the proposed Class are entitled to a proportion of their regular rate of pay for each day that Defendants' pay policy failed to provide paid 10-minute breaks.

3.   During the class period, Defendants had a consistent policy and practice that required their non-exempt California-based truck drivers to work through meal periods or work without a meal period for at least five (5) hours of a shift and of failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period was not provided, or other compensation, as required by California Labor Code §226.7 and applicable Wage Orders issued by the Industrial Welfare Commission (IWC).

4.   During the class period, Defendants had a consistent policy of failing to authorize, or permit their non-exempt California-based truck drivers to take rest periods of at least ten (10) minutes per four (4) hours, or major fraction, worked, and failing to pay such employees one (1) hour of pay at their regular rate of compensation for each workday that the rest period is not provided, or other

2

compensation, as required by California Labor Code §226.7 and applicable Wage Orders issued by the Industrial Welfare Commission (IWC).   As a result of Defendants' policy, Defendants' employees whose employment terminated have not been paid all their wages in a timely manner in violation of Labor Code §203, as further alleged below.

5.      During the class period, Defendants knowingly and intentionally failed to provide accurate wage statements to their non-exempt California-based truck drivers, including Plaintiff, that did not correctly include, among other things, the accurate number of mileage-based pay earned as "piece rate," the number of hours worked, the hourly rate of pay, the number of services completed, the formula for payment, or compensation for failure to provide paid rest periods, and unpaid meal periods which could not be taken.   As a result, the greater amount of either actual damages or penalties is to be recovered as required by California Labor Code §226(e).

6.      During the class period, Defendants had a consistent policy of knowing and intentionally failing to pay their non-exempt California-based truck drivers, including Plaintiff, all wages due at termination, in violation California Labor Code §203.  PENSKE had a policy and practice that prevented "off-duty" or "relieved of all duty" rest periods, and because the Defendants never paid premium wages for any non-compliant meal or rest period, each and every pay period resulted in underpayment and understatement of earned wages.   Plaintiff RODRIGUEZ separated from employment from PENSKE on July 26, 2013 and as result of unpaid pre/post trip inspection wages, rest period wages and premiums for non-compliant breaks, PENSKE did not pay all wages due and owing within 72 hours of his voluntary separation from the company.  As a result, Plaintiff and proposed members of the Plaintiff Class who separated from their employment within three years preceding the commencement of this action are entitled to 30 days of pay at their regular rate of pay as defined by the Department of Labor

1    Standards and Enforcement (DLSE).

2        7.      Plaintiff, on behalf of himself and all proposed Class Members, brings

3    this action pursuant to Labor Code §§ 201, 202, 203, 204, 226.7, 510, 512,1194,

4    and 2699 seeking unpaid minimum wages, penalties, injunctive and other equitable

5    relief, and reasonable attorneys' fees and costs.

6        8.      Plaintiff, on behalf of himself and all Class members, brings this action

7    pursuant to Business and Professions Code §§17200-17208, seeking injunctive

8    relief, restitution, and disgorgement of all benefits obtained by Defendants by

9    failing to pay minimum wages.  Plaintiff seeks restitution from Defendants for

10   amounts of wages owed, due and unpaid, as related to minimum wage violations

11   and failure to pay premium wages for non-compliant break periods for the period of

12   time commencing four years prior to the date of commencement of this action to

13   the date of commencement of trial.  Plaintiff alleges that he in fact suffered lost

14   wages as a result of Defendants' pay policies and practices, that he is owed back

15   wages in an amount according to proof, and that Defendants by virtue of their

16   conduct, engaged in unfair competition predicated on the statutory violations as

17   alleged herein.

18       9.      As of the date of filing this Complaint, Plaintiff has mailed written

19   notice of the claims stated herein to the Secretary of the California Labor and

20   Workforce Development Agency (LWDA), along with a courtesy copy of the Draft

21   of this Complaint, in compliance with California Labor Code Section 2698, et seq.,

22   known as the Private Attorney General Act ("PAGA").  A true and correct copy of

23   the PAGA Notice (without the draft Complaint attachment) is attached hereto as

24   Exhibit 1.    Plaintiff files this complaint more than 33 days after he received a

25   certified return receipt from the LWDA.   However, he has received no other

26   response from the LWDA.  Pursuant to Cal. Labor Code Sect. 2699.3 (a)(2)(A),

27   Plaintiffs may commence a civil suit.

28

4

**COMPLAINT**

**JURISDICTION AND VENUE**

10.    Plaintiffs and the other unnamed aggrieved employees and class actions were employees of PENSKE within the State of California and were subject to the unlawful policies at some point during the past four years.

11.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).  The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000.00 and is a class action in which more than 100 members of the Class of Plaintiffs are citizens of states different from Defendant.

12.    Venue is proper in this judicial district, pursuant to 28 U.S.C.§ 1391 in that many of the acts and transactions giving rise to this action occurred in this district (Sacramento County) and because Defendants: (a) is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district, and (b) is subject to personal jurisdiction in this district.


**THE PARTIES**

**A. The Plaintiff**

13.    Plaintiff CHARLES RODRIGUEZ is a resident of California and operated from Defendants facilities throughout the state of California as a driver. At all relevant times herein, Plaintiff was an employee of PENSKE and DOES 1-10 and was non-exempt, paid on a by-the-mile piece rate basis during the class period. As of July 26, 2013, RODRIGUEZ had been employed for nearly 15 years.  He was assigned to a Mission Foods account and paid by the mile or piece-rate pay for 90% of his work time.  Plaintiff is informed and believes that PENSKE did not pay for pre-and post-trip inspections, nor did its piece rate pay account for paid 10-minute rest breaks.  Plaintiff was subject to policies that did not permit him to be relieved of all duties during break periods, was subject to an improper accounting policy was not paid premium wages, or at least minimum wage, for non-compliant break periods, was provided inaccurate itemized wage statement for which the basis for

5

**COMPLAINT**

pay and calculation could not be done by a reasonable person, and was not timely paid all wages owed and due in a timely manner from the date of his believed separation from employment with Defendants.  As a result of Defendants' conduct and violations of law, Plaintiff has suffered damages, is owed back wages, is entitled to penalties, and interest, all in an amount according to proof at trial.

14.    Plaintiff alleges that he has undertaken this action in his own behalf and as a representative for other members of the putative class of California-based non-exempt truck drivers subject to the identical pay policies and practices as alleged herein.  Plaintiff alleges that Defendants have engaged and continue to engage in conduct, through policies and practices that are systematic and identical across the state and from region to region within California that violate employee's minimum statutory and regulatory protections as to working conditions and pay practices.  While the amount of each putative class member damages may vary from employee to employee, the manner giving rise to Defendants' liability is related to uniform and systematic policies and practices violate law as alleged herein.

**B. The Defendants**

15.    Defendant, PENSKE LOGISTICS, LLC, is a Delaware Limited Liability Company, and its subsidiaries or affiliated companies, are engaged in the ownership, management, and/or operation of providing local delivery services to commercial clients, such as Mission Foods, CVS Pharmacies, and other accounts. During the proposed class period, Defendants employed Plaintiff and similarly situated persons as Plaintiff Class members within California and Sacramento County.  On information and belief, PENSKE is conducting business in good standing in California and has an agent for service of process in California, but no mailing address is disclosed in the California Secretary of State Records.  Plaintiff is informed and believes that PENSKE operates at least four distribution centers in California and employs less than 100 drivers for its delivery services.  The primary

**COMPLAINT**

locations for operations are Fresno, Rancho Cucamonga, & Hayward, California.

16.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued here in as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure section 474.   Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.   Plaintiff alleges that some DOE Defendants may be joint employers, operating and borrowing servants from PENSKE, but who are ultimately responsible for wage and hour violations of law. Further, Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, each had knowledge and information sufficient to them to have authorized, ratified and directed the acts of one another as their conduct relates to the Defendants' collective practices and treatment of the proposed class of employees herein.   To the extent Plaintiff and the proposed classes are considered jointly employed by other unknown entities, said entities may be considered DOE Defendants.

17.    Plaintiff is informed and believes, and on that basis alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

### GENERAL ALLEGATIONS

18.    Plaintiff re-alleges all preceding allegations and expressly incorporates them in the forgoing paragraphs by this reference.

**COMPLAINT**

19.   At all times during the liability period, Defendants have conducted business by operating local delivery trucks for Best Buy and other retailers in the Eastern District and elsewhere within California.

20.   Defendants' trucking services are staffed by non-exempt drivers. Upon information and belief, these employees work in non-exempt, non-managerial positions, and have not, during the relevant liability period, been paid minimum wages for all hours worked, have not been provided uninterrupted thirty-minute meal periods for work periods of at least five (5) hours, and have not been permitted to take paid ten-minute rest periods for work periods of three and one-half hour (3.5) hours or major fractions, pursuant to the Labor Code, Industrial Welfare Commission Wage Order 9-2001 and other applicable Wage Orders. Under Defendant's piece-rate pay system, based on mileage driven, Defendant did not pay for 10-minute rest periods as required by applicable Wage Orders and existing law.

21.   Plaintiff is informed and believes, and on that basis alleges, Defendants currently employ, and during the relevant time period have employed less than 100 persons in the State of California in non-exempt positions such as truck drivers or local delivery drivers, and/or other similarly situated positions.

22.   Plaintiff Class members are, and at all relevant times have been, non-exempt employees within the meaning of California Labor Code, and the implementing rules and regulations of the IWC California Wage Orders.

23.   During the class period, named Plaintiff and members of the Plaintiff Class were employed by Defendants and paid on a "piece rate" or by-the-mile basis – i.e., cents per mile.   The employees were not paid for idle hours under Defendant's control, either at an agreed regular rate of pay, or at the minimum wage rate.

24.   During the class period, Plaintiff and members of the Plaintiff Class were required to remain with their vehicles and restricted from being able to be

8

**COMPLAINT**

1  relieved of all duties for break periods during work periods of five or more hours in

2  length.  At all relevant times, Defendants did not maintain any record of break

3  periods or time periods of work.  As of approximately September 2012, Defendants

4  instituted a policy to pay for pre-trip and post-trip required inspections up to 30

5  minutes (15 minutes each), but still did not provide for separately paid rest break

6  periods.

7  **CLASS ACTION ALLEGATIONS**

8  25.    Plaintiff brings this action on behalf of himself and all other similarly-

9  situated persons as a class action pursuant to California Code of Civil Procedure

10  section 382.  Plaintiff seeks to represent a "PLAINTIFF CLASS" composed of and

11  defined as follows:

12      All of Defendants' California-based non-exempt truck driver

13      employees who worked under a "piece rate" or "pay-by-the-mile"

14      compensation policy at any time four years prior to the filing of this

15      action through the date of trial ("Relevant Time Period").

16  26.    Further, Plaintiff brings this action on behalf of himself and all other

17  similarly-situated persons in a Subclass of the Plaintiff Class, which is defined as:

18      Plaintiff Minimum Wage Subclass: All Members of the Plaintiff Class

19      who were compensated under the Defendants' "piece rate" or "pay-by-

20      the-mile" compensation policy and who were not paid additional,

21      separate compensation for pre-trip and post-trip inspections and 10-

22      minute rest breaks.

23  27.    Further, Plaintiff brings this action on behalf of himself and all other

24  similarly-situated persons in a Subclass of the Plaintiff Class, which is defined as:

25      Plaintiff Rest Period Subclass I: All Members of the Plaintiff Class

26      who were paid only when in motion performing driving services under

27      the "by-the-mile" compensation plan and, therefore did not receive

28      requisite compensation for ten-minute rest periods for work of three

9

**COMPLAINT**

1   and-a-half hours, or major fractions thereof, when engaged to work by

2   the employer, but not in accruing mileage.

3   Plaintiff Rest Period Subclass II: All Members of the Plaintiff Class

4   who, due to employer policies and practice, were not provided with

5   duty-free paid ten-minute rest periods for work of three and-a-half

6   hours, or major fractions thereof, nor did the company pay one hour of

7   compensation lieu thereof at the employee's regular rate of pay.

8   28.    Further, Plaintiff brings this action on behalf of himself and all other

9   similarly-situated persons in a Subclass of the Plaintiff Class, which is defined as:

10   Plaintiff Meal Period Subclass: All Members of the Plaintiff Class

11   who, by policy of Defendants, were not relieved of all duties for a

12   period of 30 continuous and uninterrupted minutes for shifts exceeding

13   five hours in length, and thus precluded from taking an off-duty meal

14   period, and who were not provided one hour of compensation in lieu

15   thereof at the employee's regular rate of pay.

16   29.    Further, Plaintiff brings this action on behalf of himself and all other

17   similarly-situated persons in a Subclass of the Plaintiff Class, which is defined as:

18   Plaintiff Waiting Time Subclass:  All Members of the Plaintiff Class

19   who Defendants failed to timely pay all wages due to upon termination

20   or resignation under Labor Code, §§ 201-203.

21   30.    Further, Plaintiff brings this action on behalf of himself and all other

22   similarly-situated persons in a Subclass of the Plaintiff Class, which is defined as:

23   Plaintiff Wage Statement Subclass: All Members of the Plaintiff Class

24   who, as a result of Defendants' pay policies, were not provided with

25   accurate itemized wage statements under Labor Code § 226(b).

26   31.    Further, Plaintiff brings this action on behalf of himself and all other

27   similarly-situated persons in a Subclass of the Plaintiff Class, which is defined as:

28   Plaintiff UCL Subclass: All Members of the Plaintiff Class who, as a

**COMPLAINT**

result of Defendants' pay policies, are owed restitution in the form of back wages earned but not paid by Defendants.

32.    Plaintiff reserves the right under Rule 3.765(b), California Rules of Court, to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

33.    This action has been brought and may be properly maintained as a class action under the provisions of California Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed Class.

**A. Ascertainable Class**

34.    The proposed class and each subclass are ascertainable in that their members can be identified and located using information contained in Defendants' payroll and personnel records.

**B. Numerosity**

35.    The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable.  While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants currently employ, and during the relevant time periods employed over 50-60 employees as truck drivers, but less than 100 drivers the State of California, in positions as Plaintiff Class members in Sacramento County and throughout California who have been affected by Defendants' policies. Joinder of all members of the proposed Class is not practicable.

**C. Commonality**

36.    There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

a.    Whether Defendants violated California labor law and IWC Wage Order 2-2001 by failing to pay Plaintiff Class members proper compensation for all

1   hours worked, or minimum wage, when alternative piece rate pay fails to satisfy
2   minimum wage pay requirements;

3        b.      Whether Defendants violated California minimum wage labor laws by
4   failing to count eligibility and/or failing to properly calculate the regular rate of pay
5   by including supplemental minimum wage pay for non-piece rate work hours
6   subject to employer control;

7        c.      Whether Defendants violated California labor law and IWC Wage
8   Order 9-2001 by failing to provide Plaintiff Class members with paid ten-minute
9   rest periods for each three and-a-half hours, or major fraction thereof, worked;

10       d.      Whether Defendants violated California labor law and IWC Wage
11  Order 9-2001 by failing to provide Plaintiff Class members with thirty-minute meal
12  periods for work of over five hours, recording such breaks, and whether restrictions
13  and policies prevented breaks from being taken in a manner relieved of all duty;

14       e.      Whether the Plaintiff Class is entitled to waiting time penalties under
15  Labor Code § 203;

16       f.      Whether Defendants violated California labor law by failing to provide
17  Plaintiff Class members with accurate itemized wage statements;

18       g.      Whether Defendants violated §§ 17200, et seq. of the Business and
19  Professions Code; Labor Code §§ 226, 1194; IWC Wage Order 2-2001, and other
20  applicable IWC Wage Orders which constitutes a violation of fundamental public
21  policy;

22       h.      Whether Plaintiff and the members of the Plaintiff Class and
23  subclasses are entitled to equitable relief pursuant to Business and Professions
24  Code, §§ 17200, et seq.

25       i.      Whether Defendants violated the Private Attorney General Act
26  (PAGA) (§§ 2699, et seq. of the California Labor Code); and

27       i.      Whether Plaintiff and other aggrieved employees are entitled to
28  penalties pursuant to Cal. Labor Code §§ 2699, et seq.

**COMPLAINT**

///

### D. Typicality

37. The claims of the named Plaintiff are typical of the claims of the proposed Plaintiff Class and subclasses. Plaintiff and all members of the Class and subclasses sustained injuries and damages arising out of and caused by the Defendants' common course of conduct in violation of laws, regulations that have the force and effect of law, and statutes as alleged.

### E. Adequacy of Representation

38. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Proposed Class Counsel, Desai Law Firm, P.C., who represent Plaintiff, are competent and experienced in litigating large employment class actions. Plaintiff is aware and understands his obligations to faithfully and loyally assist in the preparation of the case and to make decisions in the best interests of the proposed Plaintiff Class and subclasses.

### F. Superiority of Class Action

39. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over questions affecting only individual Class members. Each Class member has been damaged and is entitled to recovery by reason of Defendants' illegal policy and/or practice of failing to pay minimum wages, and provide meal and rest periods, failure to provide accurate itemized wage statements and failing to timely pay all wages due. A Class action will allow those similarly situated to litigate their claims in the most efficient and economical manner for the parties and the judicial system. Plaintiff is unaware of any difficulties that in the management of this action that would preclude its maintenance as a class action.

**COMPLAINT**

**G. Manageability**

40.    At the appropriate time, Plaintiff will present a trial methodology and plan that will streamline the action, base liability and damages on common evidence and common modes of proof through Defendants' corporate records, testimony of corporate common policy and practices, representative evidence, sampled and presented in a manner consistent with recognized scientific and statistical principles.  Such methodology likely includes bifurcation of liability and damages, the use of professionally administered survey evidence, preservation of representative testimony from a random selection of class members, seeking adjudication of class-wide legal issues of particular claims or preliminary factual issues and other methods and proposals to manage class-wide determinations common to all persons in the proposed Plaintiff Class.

CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**Failure to Pay Minimum Wages**
**(Labor Code §1194; IWC Wage Order 2-2001; Cal. Code Regs., Title 8 § 11020(3))**
**[By Plaintiff and the Proposed Minimum Wage Subclass versus All Defendants]**

41.    Plaintiff incorporates each of the preceding paragraphs of this Complaint as if set fully herein by this reference.

42.    By their failure to pay minimum wage for hours during which work was performed but mileage not being driven, and by their failure to properly calculate the regular rate of pay for purposes of calculating the applicable pay required in order to make sure Plaintiff and the Minimum Wage Subclass were paid a lawful minimum wage as provided by California law for total hours worked. Each driver, at least at some point periodically, did not meet minimum wage thresholds due to insufficient miles driven under the piece rate or by-the-mile pay policies.  As a result, Defendants violated provisions of Labor Code §1194, IWC

**COMPLAINT**

1    Wage Order 9-2001, and California Code of Regulations Title 8 § 11020(3).

2    Specifically, this includes systematically required pre-trip and post-trip inspection

3    of vehicles, subject to threat of termination, that were not compensated from at least

4    2009 until September 2012, and for some proposed class members, remains as

5    uncompensated work at the required minimum wage rate.

6        43.    Defendants' unlawful acts deprived Plaintiff and the Class and

7    subclasses he seeks to represent of minimum wage or straight time wages in

8    amounts to be determined at trial, and they are entitled to recover such amounts,

9    plus interest, attorneys' fees, and costs.

10       44.    Plaintiff and the Class and subclasses he seeks to represent request

11   relief as described below.

12                           SECOND CAUSE OF ACTION

13   **Failure to Provide for Paid Rest Periods At Employee's Regular Rate of Pay
     (Labor Code §201-203; 226.7; IWC Wage Order 2-2001(12); Cal. Code Regs.,**

14   **Title 8 § 11020(12))**

15   **[By Plaintiff and the Proposed Rest Period Subclass I versus All Defendants]**

16       45.    Plaintiff incorporates each of the preceding paragraphs of this

17   Complaint as if set fully herein by this reference.

18       46.    By failing to provide paid ten-minute rest periods for every four (4)

19   hours or major fraction thereof worked per day by Non-Exempt Employees, and by

20   failing to provide compensation for these periods, Defendants willfully violated the

21   provisions of Labor Code section 226.7, IWC Wage Order No. 2-2001, and

22   California Code of Regulations, § 11020(12).  Specifically, as to the Rest Period

23   Subclass I, Plaintiff is informed and believes that Defendants failed to provide for

24   paid ten minutes rest periods as a result of the piece-rate pay system.  Any

25   employee who attempted to take a ten-minute break, was at all times entitled to be

26   paid 1/6th of an hour for the break at the employee's regular rate of pay; however,

27   the company's pay policy did not allow for the breaks to be provided, and in fact,

28   the piece-rate system for mileage effectively nullified any incentive for an

                                        15

employee to take a rest break as that would constitute unpaid work time.  Thus for each qualifying shift during the class period, Defendants are liable for paying wages for each eligible rest break period at the employees regular rate of pay calculated in accordance with DLSE guidelines.  For example, on any day that the Plaintiff worked and was entitled to two paid ten-minute rest breaks (20 minutes total time) and assuming his regular rate of pay was $15.00 per hour, PENSKE owes him one-third of an hour's pay, or approximately $4.99, plus interest for due, owing and unpaid wages. All other similarly situated employee are entitled to similar calculations based on their rates of pay for each day the employees worked a shift during the relevant time period that qualified for paid ten minute rest breaks.

47.    Defendants' acts were unlawful and violated law, and resulted in underpayment of wages for each day that paid rest breaks were required.  As a result of Defendants' pay policy, Plaintiff and the proposed Rest Period Subclass I lost actual wages in an amount according to proof, along with interest, and attorneys' fees, to be determined.

### THIRD CAUSE OF ACTION

**Failure to Provide for Duty Free Rest Periods At Employee's Regular Rate of Pay**
**(Labor Code §201-203; 226.7; IWC Wage Order 2-2001(12); Cal. Code Regs., Title 8 § 11020(12))**
**[By Plaintiff and the Proposed Rest Period Subclass II versus All Defendants]**

48.    Plaintiff incorporates each of the preceding paragraphs of this Complaint as if set fully herein by this reference.

49.    During Plaintiff's entire tenure with the company, he is not aware of any policy permitting or authorizing him or the proposed Rest Period Subclass II to take 10-minute paid breaks and be relieved of all work duties.  In fact, company policy and practice placed limitations and restrictions on employees such that break periods, in general, left the employees subject to employer control.  Plaintiff is also informed and believes that Defendants never paid one hour of pay at the

16

**COMPLAINT**

employees' regular rate of pay to compensate for missed or non-compliant rest periods.  As a result of Defendants' policy and practice, Plaintiff and members of the proposed Plaintiff Class and Rest Period Subclass II did not and could not take duty-free breaks.  Further, Defendants' policies and practices placed restrictions and responsibilities on the drivers throughout the work day.  To wit, and without limitations, drivers were deemed to be responsible for the truck, the cargo, communications, customer service requirement, and had other restrictions such as napping in the vehicle, that foreclosed any off-duty break time.  As a result, Plaintiff was never provided a compliant rest period nor paid compensation in lieu thereof as required by law.  Plaintiff, who worked for almost 15 years at the company, also alleges that other similar employees were subject to the identical policies and restrictions that prevented drivers from being relieved of all duty for break period during the proposed class period.

50.     Defendants' unlawful acts deprived Plaintiff and the Class he seeks to represent of premium wages and/or other compensation in amounts to be determined at trial, and they are entitled to recover such amounts, plus interest, attorneys' fees, and costs.

51.     Plaintiff and the Class and subclasses he seeks to represent request relief as described below.

### FOURTH CAUSE OF ACTION
**Failure to Provide Duty Free Meal Periods or Compensation in Lieu Thereof
(Labor Code § 226.7, 512; IWC Wage Order 2-2001(11);
Cal. Code Regs., Title 8 § 11020 (11))
[By Plaintiff and the Proposed Meal Period Subclass versus All Defendants]**

52.     Plaintiff incorporates each of the preceding paragraphs of this Complaint as if set fully herein by this reference.

53.     By failing to provide minimum statutory meal periods, and by failing to provide compensation for these meal periods, as alleged above, Defendants violated the provisions of Labor Code sections 226.7 and 512, IWC Wage Order

17

**COMPLAINT**

No. 2-2001 and California Code of Regulations, section 11020(11).   During Plaintiff's entire tenure with the company, he is not aware of any policy that provided him or the proposed Meal Period Subclass to take 30-minute continuous, uninterrupted meal periods relieved of all duties.   Plaintiff is also informed and believes that Defendants never paid one hour of pay at the employees' regular rate of pay to compensate for missed or non-compliant Meal periods.   As a result of Defendants' policy and practice, Plaintiff and members of the proposed Plaintiff Class and Meal Period Subclass did not and could not take breaks.   Further, Defendants' policies and practices placed restrictions and responsibilities on the drivers throughout the work day. To wit, and without limitations, drivers were deemed to be responsible for the truck, the cargo, communications, customer service requirements, and had other restrictions that prevented napping in the vehicle, that foreclosed any off-duty break time.   As a result, Plaintiff was never provided a compliant meal period nor paid compensation in lieu thereof as required by law.   PENSKE had no policy or practice to relieve employees of all duties so as to provide compliant meal periods.   PENSKE's policy and practice was to implement an oral directive for drivers to record in log books a "30-Minute Break" whether taken or not and whether relieved of all duties or not.

54.   In fact, there is no record of any break time, whether by driver logs or by company records (confirming meal breaks).   Management oral directives required driver employees to record in logs whether taken or not.   Moreover, for the first month of the oral directive, after many drivers still did not falsely write in "30-Minute break" in their log book, management for Defendants required drivers to record new log books and for each day, place "30-Mintue Break" as an entry in an effort to cook the books.   Plaintiff still has both log books showing the discrepancy and Defendants' knowledge of willfully requiring drivers to insert false material in mandated driver log book.   Defendants maintain the original log books and other than entries required to be maintained by drivers by directive (and threat of

18

**COMPLAINT**

punishment or retaliation, including termination), there are no independent employer-maintained records of the start and stop times for meal periods, nor were any premium wages paid even after log books continued to show no entries for break periods.  Plaintiff, who worked for almost 15 years at the company, also alleges that other similar employees were subject to the identical policies and restrictions that prevented drivers from being relieved of all duty for break period during the proposed class period.

55.    As a result of the unlawful acts of Defendants, Plaintiff and the Class and subclasses he seeks to represent have been deprived of premium wages and/or other compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest, attorneys' fees, and costs.

56.    Plaintiff and the Class and subclasses he seeks to represent request relief as described below.

### FIFTH CAUSE OF ACTION

**Knowing and Intentional Failure to Comply with
Itemized Employee Wage Statement Provisions
(Lab. Code, § 226(b))
[By Plaintiff and the Proposed Wage Statement Subclass versus All
Defendants]**

57.    Plaintiff incorporates each of the preceding paragraphs of this Complaint as if set fully herein by this reference.

58.    Section 226(a) of the California Labor Code requires Defendants to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiff and the members of the proposed Class. Defendants have knowingly and intentionally failed to comply with Labor Code section 226(a) on each and every wage statement provided to Plaintiff and members of the proposed Class and subclasses.   Further, Defendants' pay stubs were routinely inaccurate and failed to identify all mileage driven in the pay period. Plaintiff has attached as Exhibit 2 an exemplar of wage statements showing that the

**COMPLAINT**

method of calculating pay is not readily apparent and that the address of the employer is not provided on the wage statement.

59.    As a consequence of Defendants' knowing and intentional failure to comply with Labor Code section 226(a), Plaintiff and the members of the Wage Statement Subclass are entitled to the greater of actual damages or monetary penalties not to exceed $4000 for each employee pursuant to Labor Code section 226(b), together with interest thereon and attorneys' fees and costs.  To the extent actual damages exceed the statutory penalty, such members of the Wage Statement Subclass may seek such damages for a period of 3 years prior to the commencement of this action.  For members of the Wage Statement Subclass who do not have damages in excess of the penalty, they will seek the statutory maximum penalty to account for each pay period, and the applicable limitations period will be one year prior to the commencement of the action.

60.    Plaintiff and the Class and subclasses he seeks to represent request relief as described below.

### SIXTH CAUSE OF ACTION

**Failure to Timely Pay Wages of Terminated or Resigned Employees**
**(Lab. Code, §§ 201-203)**
**[By Plaintiff and the Proposed Waiting Time Subclass versus All Defendants]**

61.    Plaintiff incorporates each of the preceding paragraphs of this Complaint as if set fully herein by this reference.

62.    Plaintiff and/or the members of the Waiting Time Subclass who ended their employment with the Defendants during the applicable limitation period (which Plaintiff is informed and believes is three years prior to the commencement of this action) were entitled to be promptly paid lawful compensation and other premiums, as required by Labor Code, sections 201-203.  Here, Plaintiff was never paid premium wage compensation for non-compliant breaks, is owed minimum wage for days when mileage driven did not comply with minimum wage

**COMPLAINT**

requirements.  Plaintiff is informed and believes he was terminated on or about April 2, 2014 and did not receive wages earned and entitled.  Further Defendants had actual or constructive knowledge that they did not account for proper minimum wage, did not ever pay a premium wage in lieu of a non-compliant meal and rest break (as will be show by business records and driver logs), and Defendants knew that the polices applicable to Plaintiff were applicable to all proposed members of the Waiting Time Subclass.  Pursuant to Labor Code, section 203, such Waiting Time Subclass members seek payment of penalties or 30 days of pay at the regular rate of pay based on method of calculation approved by the DLSE.

63.    Additionally, Plaintiff and Plaintiff Subclass members are entitled to attorneys' fees and costs, pursuant to Labor Code Section 203 and prejudgment interest.

64.    Plaintiff and the Class and subclasses he seeks to represent request relief as described below.

## SEVENTH CAUSE OF ACTION

### Violations of the Unfair Competition Law
### (Bus. & Prof. Code, §§ 17200-17208)
### [By Plaintiff and the Proposed UCL Subclass versus All Defendants]

65.    Plaintiff incorporates each of the preceding paragraphs of this Complaint as if set fully herein by this reference.

66.    Defendants' failure to pay for all working hours to Plaintiff and members of the Plaintiff Class and subclasses, under the IWC Wage Orders and under California Labor Code, as alleged herein, constitutes unlawful activity prohibited by Business and Professions Code section 17200, et seq.  The unlawful acts are predicated on the failure to pay wages under the minimum wage statute, Labor Code Section 510 and 1194, the meal and rest period statute, Labor Code Section 226.7, and applicable IWC Wage Orders, restitution is also owed, since the act is a violation of law and places Defendants at an unfair advantage to employers who comply with California wage and hour laws.

67.   The actions of Defendants in failing to pay Plaintiff and members of the UCL Subclass in a lawful manner, as further alleged herein, constitute false, unfair, fraudulent and deceptive business practices, within the meaning of Business and Professions Code, sections 17200, et seq.

68.   Plaintiff is entitled to an injunction, specific performance under Business and Professions Code, section 17202, and/or other equitable relief against such unlawful practices in order to prevent future loss, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.  Plaintiff brings this cause individually and as a member of the general public as a representative of all others subject to Defendants' unlawful acts and practices.

69.   As a result of their unlawful acts, Defendants have reaped and continue to reap unfair benefits at the expense of Plaintiff and the Class and subclasses he seeks to represent.  Defendants should be enjoined from this activity, caused to specifically perform their obligations, and made to disgorge these ill-gotten gains and restore to Plaintiff and the members of the Plaintiff Class and subclasses the wrongfully withheld wages and/or other moneys pursuant to Business and Professions Code, sections 17200, et seq.  Plaintiff is informed and believes, and on that basis alleges, that Defendants are unjustly enriched through their failure to provide minimum wages to Plaintiff and members of the Plaintiff Class and subclasses.

70.   Plaintiff is informed and believes, and on that basis alleges, that Plaintiff and members of the Plaintiff Class and subclasses are prejudiced by Defendants' unfair trade practices, as are other employers in the State of California, and that the Legislature of this State has declared that minimum compliance with the above-identified statutes are mandatory and that employers who comply are disadvantaged by those who do not.

71.   As a direct and proximate result of the unfair business practices of Defendants, and each of them, Plaintiff and Plaintiff Class members, individually

and on behalf of all employees similarly situated, are entitled to equitable and injunctive relief, including full restitution, specific performance, and/or disgorgement of all wages which have been unlawfully withheld from Plaintiff and members of the Plaintiff Class as a result of the business acts and practices herein and enjoining of Defendants to cease and desist from engaging in the practices described herein.

72.   The illegal conduct alleged herein is continuing and there is no indication that Defendants will discontinue such activity in the future.  Plaintiff has given Defendants notice of the claims and opportunity to cure, but no cure or effort to resolve has been made by Defendants.  Defendants are also on notice that any effort to resolve individual complaints may result in an aware of catalyst fees to the extent permitted by California law, and that any attempt to resolve such claims are not in good faith without judicial oversight.  Plaintiff alleges that if Defendants are not enjoined from the conduct set forth in this Complaint, they will continue to fail to provide minimum wages, and continue to fail to provide breaks or pay in lieu thereof.

73.   Plaintiff further requests that the court issue a preliminary and permanent injunction prohibiting Defendants from continuing non-compliance with California wage and hour protections.

74.   Plaintiff and the Class and subclasses he seeks to represent request relief as described below.

### EIGHTH CAUSE OF ACTION
**Violations of the Private Attorney General Act**
**(Cal. Labor Code, §§ 2699, et seq.)**
**[By Plaintiff and All Aggrieved Employees Against All Defendants]**

75.   Plaintiff incorporates each of the preceding paragraphs of this Complaint as if set fully herein by this reference.

76.   The Private Attorney General Act ("PAGA"), Cal. Labor Code § 2699, *et seq.*, allows an aggrieved employee to bring suit against an employer for

**COMPLAINT**

violations of most Labor Code provisions.  These Labor Code violations include the requirements to provide accurate itemized wage statements and keep payroll records pursuant to Labor Code §§ 226, 226.3, 1174, 1174.5; to provide adequate meal and rest periods pursuant to Labor Code §§ 226.7, 512; to pay all wages due pursuant to Labor Code §§ 204, 1197, and 1198; and waiting time penalties for failure to pay all waged due under Labor Code § 201.

77.     Defendant's acts constitute continuing and ongoing unlawful activity prohibited by the California Labor Code and therefore, these acts constitute violations of the PAGA.

78.     As explained above, Plaintiffs have provided notice of these violations pursuant to Cal. Labor Code § 2699.3 and have specifically asked the California Labor & Workforce Development Agency if it intends to investigate the alleged violations.  **Exhibit 1.**  It has been more than 33 days since Plaintiffs' received a certified return receipt from the LWDA.  However, Plaintiffs' Counsel has not receive any notification from the California Labor & Workforce Development Agency that it intends to investigate the alleged violations.  Therefore, Plaintiffs are entitled to prosecute their Private Attorney General Act ("PAGA") claims under Cal. Labor Code § 2699(a)(2)(A).

79.     Defendant's conduct of requiring Plaintiff to work without providing accurate itemized wages statements and payroll records, failing to pay for all hours worked, including non-driving time, and without providing adequate meal and rest periods directly violates state law, constitutes violations of the PAGA.

80.     Therefore, under the provisions of PAGA and Labor Code §§ 201-203, 204, 226, 226.7, 512, 1174, 1174.5, 1194, 1197, 1198, and 2699, PENSKE is liable for the following penalties and damages:

a. For its failure to provide uninterrupted off-duty meal and rest periods, Defendant is liable to all Plaintiffs for one hour of additional pay at the regular rate of compensation for each workday that the full and uninterrupted, off-duty rest and

24

**COMPLAINT**

meal period were not provided.  Defendant is also liable for civil penalties pursuant to Labor Code §§ 558 and 2699 as follows: for any initial violation, $50.00 for each Plaintiff for each pay period during which the Plaintiff was not provided proper meal and rest breaks; and for each subsequent violation, $100.00 for each Plaintiff for each pay period during which the Plaintiff was not provided proper meal and rest breaks.

b. For Defendant's failure to pay wages due, Plaintiffs are entitled to recover such amounts, plus interest thereon, attorney's fees and costs.  Defendant is also liable for civil penalties pursuant to Labor Code §§ 558 and 2699 as follows: for any initial violation, $50.00 for each Plaintiff for each pay period during which the Plaintiff was not provided proper meal and rest breaks; and for each subsequent violation, $100.00 for each Plaintiff for each pay period during which the Plaintiff was not provided proper meal and rest breaks.

c. For Defendant's failure to furnish accurate wage statements, Plaintiff is entitled to recover the greater of all actual damages or $50.00 for the initial violation and $100.00 for each subsequent violation, up to $4,000.00.  Defendant is additionally liable for civil penalties pursuant to Labor Code §§ 226.3 and 2699 in the amount of $250.00 for each Plaintiff per initial violation and $1,000.00 for each Plaintiff per subsequent violation.

d. For Defendant's failure to keep accurate payroll records, Defendant is liable for civil penalties pursuant to California Labor Code §§ 1174.5 and 2699 in the amount of $500.00 per violation.

e. The proper measure of damages and penalties under the PAGA is all aggrieved employees, whether a party of this action or not.  Further, this claim needs no certification to proceed with class-wide recovery.  *Arias v. Superior Court*, 46 Cal.4th 969, 970-75 (2009).

f. Accordingly, Plaintiffs and all aggrieved employees respectfully request that the Court award judgment and relief in their favor as described herein.

**COMPLAINT**

1

2                               **PRAYER FOR RELIEF**

3          WHEREFORE, Plaintiff prays for judgment as follows:

4          a.      That the Court issue an Order that this action may be maintained as a

5    class action and certify the Class and subclasses herein, appointing the named

6    Plaintiff as representative of all others similarly situated, and appointing the law

7    firm representing the named Plaintiff as counsel for the members of the Class and

8    subclasses;

9          **As to the First Cause of Action for Failure to Pay Minimum Wages:**

10         b.      For damages, as set forth in Labor Code §1194(a) and the IWC Wage

11   Order(s), including IWC Wage Order 9, section 20, regarding wages due and

12   owing, according to proof;

13         c.      For liquidated damages and/or double damages, in an amount

14   according to proof;

15         d.      For pre-judgment interest as allowed by Labor Code §218.6, Labor

16   Code §1194(a) and Civil Code §3287;

17         e.      For an award of reasonable attorneys' fees and costs pursuant to Labor

18   Code §218.5 and Labor Code §1194(a), and pursuant to Code of Civil Procedure §

19   1021.5;

20         **As to the Second Cause of Action for Failure to Provide for Paid 10-**

21   **Minute Rest Periods:**

22         f.      For recovery of wages for each day that a paid rest period was not

23   provided as a result of Defendants' piece rate pay plan, with the amount of pay

24   derived from calculations of a proportionate share of the employees regular rate of

25   pay;

26         g.      For recovery pursuant to IWC Wage Order 9, section 11;

27         h.      For pre-judgment interest as authorized by Labor Code§218.6 and CC

28   §3287;

**COMPLAINT**

1        i.     For an award of reasonable attorneys' fees and costs pursuant to Labor

2   Code §1194 and pursuant to Code of Civil Procedure § 1021.5;

3       **As to the Third Cause of Action for Failure to Provide Duty-Free Rest**

4   **Periods:**

5        j.     For one (1) hour of pay at the regular rate of compensation for each

6   member  the Meal Period Subclass for each day worked that a meal period was not

7   provided;

8        k.     For recovery pursuant to IWC Wage Order 9, section 20;

9        l.     For pre-judgment interest as authorized by Labor Code §218.6 and CC

10  §3287;

11       m.     For an award of reasonable attorneys' fees and costs pursuant to Labor

12  Code §218.5, Labor Code §1194 and pursuant to Code of Civil Procedure § 1021.5;

13      **As to the Fourth Cause of Action for Failure to Provide Compliant Meal**

14  **Periods:**

15       n.     For one (1) hour of pay at the regular rate of compensation for each

16  member the Meal Period Subclass for each day worked that a meal period was not

17  provided;

18       o.     For recovery pursuant to IWC Wage Order 9, section 20;

19       p.     For pre-judgment interest as authorized by Labor Code §218.6 and CC

20  §3287;

21       q.     For an award of reasonable attorneys' fees and costs pursuant to Labor

22  Code §218.5 and pursuant to Code of Civil Procedure § 1021.5;

23      **As to the Fifth Cause of Action for Failure to Provide Accurate Wage**

24  **Statements:**

25       r.     For recovery as authorized by Labor Code §226(e);

26       s.     For injunctive relief to ensure Defendants' compliance with Labor

27  Code §226 pursuant to Labor Code §226(g);

28       t.     For an award of costs and reasonable attorneys' fees pursuant to Labor

**COMPLAINT**

1  Code §226(e) and/or §226(g) and pursuant to Code of Civil Procedure § 1021.5;

2  **As to the Sixth Cause of Action for Failure to Timely Pay Wages at**
3  **Separation:**

4  u.    For recovery as authorized by Labor Code section 203, totaling 30-
5  day's pay at the employees' regular rate of pay as determined from Defendants
6  payroll records;

7  **As to the Seventh Cause of Action for Unfair Business Practices:**

8  v.    For an accounting, under administration of Plaintiff and/or the receiver
9  and subject to Court review, to determine the amount to be returned by Defendants,
10  and the amounts to be paid to members of the Class and subclasses who are owed
11  monies by Defendants;

12  w.    For an Order requiring Defendants to identify each of the members of
13  the Class and subclasses by name, home address, and home telephone number;

14  x.    For an Order requiring Defendants to make full restitution and
15  payment to the Class due to unfair competition, including disgorgement of their
16  wrongfully withheld wages pursuant to California Business and Professions Code
17  sections 17203 and 17204;

18  y.    For an Order for a preliminary and/or permanent injunction prohibiting
19  Defendants from continuing the illegal course of conduct, alleged herein;

20  z.    That Defendants further be enjoined to cease and desist from unfair
21  competition in violation of sections 17200, et seq. of the California Business and
22  Professions Code;

23  aa.    That Defendants be enjoined from further acts of restraint of trade or
24  unfair competition;

25  bb.    For the creation of an administrative process wherein each injured
26  member of the Class and subclasses may submit a claim in order to receive her/her
27  money;

28  cc.    For all other appropriate injunctive, declaratory and equitable relief;

28

**COMPLAINT**

1     dd.    For interest to the extent permitted by law;

2     ee.    For an award of attorneys' fees and costs incurred in the investigation,

3 filing and prosecution of this action pursuant to Civil Code §1021.5, Business and

4 Professions Code §17200, et seq., Labor Code §1194 and/or any other applicable

5 provision of law;

6     **As to the Eighth Cause of Action for Violation of the PAGA:**

7     ff. For an Order finding that Defendant has violated the Private Attorney

8         General Act,

9 Cal. Labor Code § 2699, *et seq.* for all aggrieved employees by failing to keep

10 proper time records, by failing to afford Plaintiffs full and uninterrupted off-duty

11 meal and rest periods, by failing to pay Plaintiffs all wages due, and by failing to

12 timely furnish Plaintiffs with statements accurately showing total hours worked;

13     gg.For an Order imposing impose penalties against Defendant on behalf of

14         all aggrieved

15 employees according to the Private Attorney General Act;

16     **AS TO ALL CAUSES OF ACTION:**

17     hh.    For such other and further relief as this Court may deem just and

18 proper;

19     ii.    For reasonable attorneys' fees and costs incurred, including expert

20 fees, as required to maintain a class action.

21

22

23

24

25

26

27

28

**COMPLAINT**

1

2
                                                         Respectfully submitted,

Dated:   September 5, 2014                    DESAI LAW FIRM, P.C.

3

4
                               By:_____*/s/ Aashish Y. Desai*_____

5
                                   Aashish Y. Desai
                                   Adrianne De Castro

6
                                   Attorneys for Plaintiff CHARLES
                                   RODRIGUEZ

7
                                   3200 Bristol Street, Ste. 650
                                   Costa Mesa, CA 92626

8
                                   Telephone: (949) 614-5830
                                   Facsimile: (949) 271-4190

9
                                   aashish@desai-law.com

10
                          **DEMAND FOR JURY TRIAL**

11

12
         Plaintiffs demand trial by jury on all issues so triable.

13

14

Dated:   September 5, 2014                    DESAI LAW FIRM, P.C.

15

16

17
                               By:_____*/s/ Aashish Y. Desai*_____
                                   Aashish Y. Desai

18
                                   Adrianne De Castro
                                   Attorneys for Plaintiff CHARLES

19
                                   RODRIGUEZ

20
                                   3200 Bristol Street, Ste. 650
                                   Costa Mesa, CA 92626

21
                                   Telephone: (949) 614-5830
                                   Facsimile: (949) 271-4190

22
                                   aashish@desai-law.com

23

24

25

26

27

28

**COMPLAINT**

# EXHIBIT 1

# DESAI LAW FIRM, P.C.

### SMART. DEDICATED. EFFECTIVE.

*Aashish Y. Desai – Managing Partner*
*www.desai-law.com | aashish@desai-law.com*

July 17, 2014

California Labor and Workforce
 Development Agency
800 Capitol Mall, MIC-55
Sacramento, CA 95814

> Re:  PAGA Notice Pursuant to California Labor Code § 2699
> *Rodriguez v. Penske Logistics, LLC, Penske Truck Leasing Co., LP, et al.*

Dear Sir/Madam:

This office represents Charles Rodriguez and a group of truck drivers who work or worked for PENSKE LOGISTICS, LLC and PENSKE TRUCK LEASING CO., L.P. (referred to as "Employer" or "Penske").   This letter is notice, and a request, pursuant to California Labor Code § 2699.3 that your agency investigate the claims in this impending civil action.  If the agency does not intend to investigate the alleged violations, we specifically request notification so that we can file our civil action to include our PAGA claims.

Charles Rodriguez, on behalf of himself and similar current and former aggrieved employees of Penske was an hourly employee in California for approximately 15 years and separated from his employment on or about July 26, 2013.

Mr. Rodriguez is an aggrieved employee who has suffered wage loss due to Penske's numerous California Labor Code violations as set forth in this Notice. Mr. Rodriguez, by this letter, hereby gives notice of his intent to bring a cause of action for violation for the Private Attorneys General Act of 2004 ("PAGA") for Penske's failure to comply with California's wage and hour minimum requirements. During the entire course of his employment, Penske failed to pay proper minimum wages, improperly failed to pay for rest periods at the agreed rate of pay or at minimum wage, failed to properly calculate vacation accrual, resulting in illegal forfeiture, failed to provide duty-free rest and meal periods, not subject to employer restrictions and controls, was provided inaccurate itemized wage statements that failed to identify proper wage calculations and failed to identify the address of the employer, and, at the time of separation from employment, Penske did not pay all wages due and owing in the time period required by law. In the absence of intervention by the LWDA, Mr. Rodriguez will file a representative action for aggrieved employees and seek penalties on behalf of the State of California for failing to comply with Labor Code Section 201-203, 221-222, 226.7, 227.3, as well as Labor Code Sections, 512, 1194, 221-223, and Industrial Welfare Commission Wage Orders 9-2001, Sections 11 & 12.

California Labor and Workforce
Development Agency
Re: PAGA Notice Pursuant to California Labor Code § 2699
*Rodriguez v. Penske*
July 17, 2014
Page 2

_____

Rodriguez contends that Penske's pay policies and practices violate principles of law and holdings in *Gonzalez v. Downtown LA Motors LP* (2013) 215 Cal. App. 4th 36 and *Bluford v. Safeway Stores, Inc.* (2013) 216 Cal.App.4th 864.  Rodriguez intends to seek penalties as provided by California law and the PAGA statute, on behalf of the State of California.[1]

### Theories of Labor Code Violations and Remedies:

Mr. Rodriguez was a California based truck driver employed by Penske until July 26, 2014.  He was a non-exempt hourly employee paid on a mileage piece rate compensation system.  As part of this pay system, Penske did not provided for paid rest periods, and failed to pay minimum wages for all hours worked, including all non-driving time even though he was engaged to work or wait, and under employer control. All truck drivers were under the same pay plan, though the amount per mile may vary. Rodriguez was paid per mile. He was not paid for time when he was engaged to wait for clients or delivery, not paid for time doing required pre-and-post trip inspections, or time when he was held up in traffic. Penske, for a period of at least four years prior to the date of this Notice, unlawfully failed to pay such employees minimum wages for such non-mileage piece rate accrual, and failed to account for 10-minute paid rest breaks, at the agreed rate or minimum wage. By use of the piece rate pay "by-the-mile," Penske did not allow for payment of wages for 10-minute break periods and did not pay the employees for the proportion of wages due to account for such paid breaks. Further, because Penske did not pay appropriate wages for non-piece rate work time, including rest periods, Penske also failed to accurately account for accrual of earned vacation "deferred wages" due to erroneous and

_____

[1] Without limitation, Mr. Rodriguez, if permitted, will seek any and all penalties otherwise capable of being collected by the Commission based on the factual allegations raised in this notice and the Draft Complaint.  This includes, each of the following, as is set forth in Labor Code Section 2699.5, which states:

The provisions of subdivision (a) of Section 2699.3 apply to any alleged violation of the following provisions: subdivision (k) of Section 96, Sections 98.6, 201, 201.3, 201.5, 201.7, 202, 203, 203.1, 203.5, 204, 204(a), 204(b), 204.1, 204.2, 205, 205.5, 206, 206.5, 208, 209, and 212, subdivision (d) of Section 213, Sections 221, 222, 222.5, 223, and 224, subdivision (a) of Section 226, Sections 226.7, 227, 227.3, 230, 230.1, 230.2, 230.3, 230.4, 230.7, 230.8, and 231, subdivision (c) of Section 232, subdivision (c) of Section 232.5, Sections 233, 234, 351, 353, and 403, subdivision (b) of Section 404, Sections 432.2, 432.5, 432.7, 435, 450, 510, 511, 512, 513, 551, 552, 601, 602, 603, 604, 750, 751.8, 800, 850, 851, 851.5, 852, 921, 922, 923, 970, 973, 976, 1021, 1021.5, 1025, 1026, 1101, 1102, 1102.5, and 1153, subdivisions (c) and (d) of Section 1174, Sections 1194, 1197, 1197.1, 1197.5, and 1198, subdivision (b) of Section 1198.3, Sections 1199, 1199.5, 1290, 1292, 1293, 1293.1, 1294, 1294.1, 1294.5, 1296, 1297, 1298, 1301, 1308, 1308.1, 1308.7, 1309, 1309.5, 1391, 1391.1, 1391.2, 1392, 1683, and 1695, subdivision (a) of Section 1695.5, Sections 1695.55, 1695.6, 1695.7, 1695.8, 1695.9, 1696, 1696.5, 1696.6, 1697.1, 1700.25, 1700.26, 1700.31, 1700.32, 1700.40, and 1700.47, paragraphs (1), (2), and (3) of subdivision (a) of and subdivision (e) of Section 1701.4, subdivision (a) of Section 1701.5, Sections 1701.8, 1701.10, 1701.12, 1735, 1771, 1774, 1776, 1777.5, 1811, 1815, 2651, and 2673, subdivision (a) of Section 2673.1, Sections 2695.2, 2800, 2801, 2802, 2806, and 2810, subdivision (b) of Section 2929, and Sections 3095, 6310, 6311, and 6399.

California Labor and Workforce
  Development Agency
Re: PAGA Notice Pursuant to California Labor Code § 2699
*Rodriguez v. Penske*
July 17, 2014
Page 3

_____

improper rate of regular pay calculations, resulting in forfeiture and less-than accrued vacation banks, and a failure to pay such wages to terminated employees as required by law.

Claimants, who include Mr. Rodriguez and the other aggrieved employees, were at all times also entitled to uninterrupted, continuous duty-free unpaid meal periods of 30 minutes in length or compensation lieu thereof. Penske failed to provide meal periods for claimant and all other similarly situated employees as required by Labor Code Section 226.7, Labor Code Section 512, and Industrial Welfare Commission Wage Orders 4-2001(11) and/or 9-2001(11.) Therefore, Claimants are entitled to recover wages and/or penalties as provided by Labor Code Section 558 and applicable IWC Wage Orders.   Furthermore, since Penske required Mr. Rodriguez and others similarly situated to work during their meal period in violation of Labor Code Section 226.7(a), Claimants seek wages of one additional hour of pay as permitted by Labor Code Section 226.7(b) as well as all available penalties as set forth in Labor Code Section 2699(f.) Specifically, Penske has no records of providing such meal periods for qualifying shifts before July 2013; after July 2013, Penske demanded drivers put "30-minute break" entries in driver logs whether a break was taken and without actually relieving drivers of all duty for the 30-minute break period.

Claimants were at all times entitled rest breaks. Penske failed to authorize or permit rest breaks for claimant and all other similarly situated employees engaged in the same tasks and function as required by Labor Code Section 226.7, Labor Code Section 512, and Industrial Welfare Commission Wage Orders. Therefore, Claimants are entitled to recover wages and/or penalties as provided by Labor Code Section 558 and applicable IWC Wage Orders. Furthermore, since Penske required its employees to work during rest periods in violation of Labor Code Section 226.7(a), Claimants seek wages of one additional hour of pay as permitted by Labor Code Section 226.7(b) as well as all available penalties as set forth in Labor Code Section 2699(f.)  Penske never took any action to ensure that paid 10-minute breaks were paid for piece-rate mileage drivers, nor did the company have policy that relieved drivers of all duties for 10-minute break periods. In fact, as with meal periods, the company actually imposed affirmative work related restrictions and maintained affirmative control over the drivers throughout the work day ensure that there was no possibility of duty-free break periods.

Claimants were at all times entitled to accurate itemized wage statement pursuant to Labor Code Section 226(a). Yet because of a practice and policy not paying minimum wages for time not driving and for paid rest breaks, all wage statements understate the hours worked and the pay provided. The statements also understate the amount of accrued vacation wages for failing to provide accrual based on regular rate of pay. All hours worked were not recorded and were not accurately stated and provided in each pay period's wage statement, in violation of California law. Penske also failed to list the employer's address, which is also a direct violation of the wage statement requirements under law and sufficient to presume injury. Accordingly, Rodriguez, on behalf of himself and all other aggrieved employees situated in the job positions noted herein, will seek wage statement penalties from Penske for each pay period, up to a

California Labor and Workforce
  Development Agency
Re: PAGA Notice Pursuant to California Labor Code § 2699
*Rodriguez v. Penske*
July 17, 2014
Page 4

---

maximum of $4000, per individual (or more, if based on actual damages) and also penalties on behalf of the State of California to be distributed in the manner proscribed by the PAGA statute.

Rodriguez, as a former employee, was also entitled to all wages due and owing within a timely manner as required by Labor Code Section 203. Defendant failed to pay all wages due to him and other former employees during the relevant time period as a result of minimum wage violations and other violations regarding inaccurate vacation pay calculations. Accordingly, Rodriguez and the other aggrieved employees who separated from employment with Penske are entitled to 30-day's pay at their regular rate of pay.

Penske's uniform failure to pay minimum wages for all time worked and failure to allow rest and meal periods to Mr. Rodriguez and other aggrieved employees during their workday was also done without any payment of an additional one-hour's wage per day to said Claimants at their regular rate of pay. During all relevant times, Penske never provided compensation in lieu of compliant meal and/or rest periods. Penske's failure to provide such compensation in lieu of meals violated Labor Code Section 204 and 204(b), such that penalties are recoverable as set forth in Labor Code Section 210 and/or Section 1194, *et seq.* Such premium wage payments are also past, due and owing wages to the claimant and others in the proposed group of employees.

Claimants are entitled to recover unpaid wages, liquidated damages for minimum wage violations with interest, penalties, and are entitled to an award of attorney's fees as permitted by Labor Code Section 1194 and other penalties, as permitted by Labor Code Section 2699, Labor Code Section 210, and waiting time penalties for former employees, pursuant to Labor Code Section 203, and Wage Statement penalties pursuant to Labor Code Section 226 on behalf of the State of California.

As a result of Penske's failure to provide meal and rest breaks, and pay its drivers for missed meal and rest breaks, Penske also fails to pay all compensation due at the termination of employment.

<u>Unlawful Failure to Pay Wages Due</u>

Penske has violated California Labor Code §§ 204, 1196, and 1198. Labor Code § 203 establishes the fundamental right of employees in the State of California to be paid wages in a timely fashion for their work. Labor Code § 1187 makes it unlawful to pay employees less than the wage set by the IWC. Labor Code § 1198 makes it unlawful to employ persons under conditions prohibited by the applicable IW Wage Orders. Under Section 4 of IWC Wage Orders 9-2001, 9-2000, and 9-1998, which apply to transportation establishments such as Penske, Plaintiffs must be paid at least a minimum wage for each hour worked. Penske has uniformly required Plaintiffs to perform certain work without any compensation whatsoever.

For example, Plaintiffs will arrive for their scheduled shifts and there will be no truck for them to drive. Plaintiffs can wait hours for a truck. They do not receive any separate pay for this

California Labor and Workforce
  Development Agency
Re: PAGA Notice Pursuant to California Labor Code § 2699
*Rodriguez v. Penske*
July 17, 2014
Page 5

_____

time. Plaintiffs also often have to wait for clients to accept the delivery and unload the trucks. Plaintiffs are not separately paid for this time. In addition, Plaintiffs are not paid for mandatory training and safety meeting that they are required to attend at least 4-6 times per year.

Moreover, Penske does not adequately pay the Plaintiffs for all the time they spend performing pre- and post-shift work they are required to do, such as safety inspections. This work generally takes Plaintiffs between thirty minutes to one hour but Plaintiffs are not separately paid for this work.

Penske also does not pay Plaintiffs for all the miles they drive. While Penske's compensation formula is based on miles driven, Penske did not accurately compute those miles. Penske would often short-change its drivers because it calculated mileage based on the distance to a city's post office, rather than a driver's final destination or the miles actually driven.

Plaintiffs are entitled to recover such amounts plus interest thereon, attorneys' fees and costs. Penske is also liable for civil penalties pursuant to Labor Code §§ 558 and 2698 as follows:

(1) For any initial violation, $50.00 for each Plaintiff for each pay period during which the Plaintiff was not provided wages for all the work performed;

(2) For each subsequent violation, $100.00 for each Plaintiff for each pay period during which the Plaintiff was not provided wages for all the work performed.

### Unlawful Failure to Provide Uninterrupted Off-Duty Meal and Rest Periods

Plaintiffs were regularly compelled to work in excess of five and ten hours a day without being afforded at least half-hour meal periods in which they were completely relieved of all duties as required by Labor Code § 226.7. The Plaintiffs were also regularly permitted and compelled to work over a four-hour period (or a major fraction thereof) without Penske authorizing and permitting them to take paid ten-minute rest periods in which they were completely relieved of all their duties as required by Labor Code § 226.7.

Penske is liable to all Plaintiffs for one hour of additional pay at the regular rate of compensation for each workday that the full and uninterrupted, off-duty rest and meal period were not provided.[1] Penske is also liable for civil penalties pursuant to Labor Code §§ 558 and 2698 as follows:

(1)     For any initial violation, $50.00 for each Plaintiff for each pay period during which the Plaintiff was not provided proper meal and rest breaks; and

_____

[1] Penske, more specifically, is liable for two hours of additional pay per day for each Plaintiff since the Plaintiffs are entitled to compensation for the (1) missed meal period, and (2) missed rest period.

California Labor and Workforce
Development Agency
Re: PAGA Notice Pursuant to California Labor Code § 2699
*Rodriguez v. Penske*
July 17, 2014
Page 6

---

(2) For each subsequent violation, $100.00 for each Plaintiff for each pay period
during which the Plaintiff was not provided proper meal and rest breaks.

## Failure to Furnish Accurate Wage Statements

Labor Code § 226(a) requires employers to furnish each employee with a statement that
accurately reflects gross wages earned, the total number of hours worked, and the net wages
earned. Labor Code § 226(b) provides that if an employer fails to provide a statement itemizing,
*inter alia*, the total hours worked by the employee, then the employee is entitled to recover the
greater of all actual damages or $50.00 for the initial violation and $100.00 for each subsequent
violation, up to $4,000.00.

Penske intentionally failed to furnish and continue to intentionally fail to furnish each
Plaintiff with timely, itemized statements that accurately reflect the gross wages earned, the total
number of hours worked and the net wages earned as required. Penske is additionally liable for
civil penalties pursuant to Labor Code §§ 226.3 and 2698 in the amount of $250.00 for each
Plaintiff per initial violation and $1,000.00 for each Plaintiff per subsequent violation. A copy of
a paystub is attached as **Exhibit 1.**

## Waiting Time Penalties

Labor Code § 201 requires an employer who discharges an employee to pay
compensation due and owing to the employee immediately upon discharge. Labor Code § 202
requires an employer to promptly pay compensation due and owing within 72 hours of that
employee's termination of employment by resignation or otherwise. California Labor Code
§ 203 provides that if an employer willfully fails to pay compensation promptly upon discharge
or resignation, then the employer is liable for waiting time penalties in the form of continued
compensation up to 30 workdays.

Penske failed and refused, and continues to willfully fail and refuse, to timely pay
compensation and wages, including unpaid overtime pay and meal and rest break period pay to
those Plaintiffs whose employment terminated as required. As a result, Penske is liable for
waiting time penalties, together with interest and attorneys' fees and costs under California
Labor Code § 203.

## Failure to Keep Required Payroll Records

Penske has violated California Labor Code §§ 226 and 1174 by willfully failing to keep
required payroll records showing the actual hours worked on a daily basis by the Plaintiffs.
Penske is liable for civil penalties pursuant to California Labor Code §§ 1174.5 and 2698 in the
amount of $500.00 per violation.

California Labor and Workforce
 Development Agency
Re: PAGA Notice Pursuant to California Labor Code § 2699
*Rodriguez v. Penske*
July 17, 2014
Page 7

_____

## Conclusion

Penske is in direct violation of numerous California wage and hour laws. We provide notice under the Labor Code Private Attorney's General Act of 2004 and specifically ask for an investigation; or if the agency does not intend to investigate the alleged violations, a letter confirming the same so that we may file a complaint against Defendant for the violations discussed in this letter.

Should you require anything further or have additional questions, please do not hesitate to contact me.

Very truly yours,

Aashish Desai
DESAI LAW FIRM, P.C.


cc:

**VIA CERTIFIED U.S. MAIL WITH RETURN RECEIPT**
**PENSKE LOGISTICS LLC**
Route 10 and Pheasant Road
Reading, PA, 19607

**VIA CERTIFIED U.S. MAIL WITH RETURN RECEIPT**
**PENSKE TRUCK LEASING CO., L.P.**
Route 10 Green Hills
Reading, PA, 19607

# EXHIBIT 1

|||||

07/17/2014   11:11AM   8057719142

CHARLES RODRIGUEZ

# Earnings Statement

PAGE 01/06

Co.: PTE; other REgio 04GX 00006567 1
File: 003-0029

Page 1 (Con't Next Page)
PENSKE TRUCK LEASING CO., L.P.
RT 10 GREEN HILLS
READING PA 19608

Period Beginning:   07/20/2009
Period Ending:   07/26/2009
Pay Date:   07/31/2009

CHARLES J RODRIGUEZ JR
460 N ORANGEWOOD
FRESNO, CA 93727

Taxable Marital Status:   Married
Exemptions/Allowances:
  Federal:   1
  CA:   8

Social Security Number: XXX-XX-0720

| Earnings | rate | hours | this period | | Other | | this period | year to date |
|---|---|---|---|---|---|---|---|---|
| Regular | 13.5860 | 2.33 | 31.64 | | Wgs Other | | | -11.54 |
| Regular | 14.7820 | 2.75 | 40.59 | | | | | |
| Regular | | | 8.16 | | | | | |
| California Fnsta | | -1.20 | | | | | | |
| Drive Detention | 13.5860 | 3.75 | 50.93 | | | | | |
| Er Paid Std | | | 16.62 | | | | | |
| Salary Bonus | | | 78.00 | year to date | | | | |
| Single Mileage | 0.4310 | 2840.00 | 1,284.05 | 2,945.20 | | | | |
| Stops | | | 162.63 | | | | | |
| Overtime | | | | | | | | |
| Drive Other | | | | | | | | |
| Holiday | | | | | | | | |
| Vacation | | | | | | | | |

* Excluded from federal taxable wages

Other Benefits and
Information
$1,466.65
G4

Your federal taxable wages this period are

| Deductions | Statutory | | this period | year to date | | | Ytd401 | | 329.83 |
|---|---|---|---|---|---|---|---|---|---|
| | Federal Income Tax | | -160.06 | 2,585.78 | | | | | 389.90 |
| | Social Security Tax | | -93.73 | 2,247.05 | | | | | |
| | Medicare Tax | | -21.92 | 525.52 | | | | | |
| | CA State Income Tax | | -38.76 | 517.17 | | | | | |
| | CA SUI/SDI Tax | | -16.62 | 395.07 | | | | | |

Important Notes
Your 60.00 is 80001469

| Other | | | | Tr. Sheet/Date | Desc | | Hrs/Mls | Earnings |
|---|---|---|---|---|---|---|---|---|
| | Aler Tax Fbx | -7.68 | 236.40 | | Regular | | .80 | 8.78 |
| | Before Tax Fbx | -94.69* | 2,640.70 | | Regular | | .60 | 7.38 |
| | Child Support | -11.54 | 357.74 | | Stops | | | 27.15 |
| | 401K | -15.91* | 383.90 | | Single Mileage | | 695.00 | 273.85 |
| | 401K Loan | -78.71 | 2,301.30 | | Drive Detentio | | -.75 | 10.19 |
| | | | | | Regular | | .80 | 8.78 |
| | | | | | Regular | | | 7.38 |
| | | | | | Stops | | | 97.65 |
| | | | | | Single Mileage | | 379.00 | 163.55 |
| | | | | | Drive Detentio | | 2.00 | 27.15 |
| | | | | | Regular | | | 9.16 |
| | | | | | Regular | | .25 | 3.60 |
| | | | | | Stops | | | 12.61 |



CHARLES RODRIGUEZ

# Earnings Statement

PAGE 02/05

**ADP**

Page 2
PENSKE TRUCK LEASING CO., L.P.
RT 10 GREEN HILLS
READING PA 19003

| Period Beginning: | 07/20/2009 |
| Period Ending: | 07/26/2009 |
| Pay Date: | 07/31/2009 |

CHARLES J RODRIGUEZ JR
460 N ORANGEWOOD
FRESNO, CA 93727

Taxable Marital Status: Married
Exemptions/Allowances:
Federal: 1
CA: 0

Social Security Number: XXX-XX-0720

| Desc | Hrs/Mls | Earnings |
| --- | --- | --- |
| Single Mileage | 192.00 | 82.75 |
| Regular | .33 | 4.45 |
| Regular | .25 | 3.69 |
| Stops | | 12.61 |
| Single Mileage | 358.00 | 154.73 |
| Drive Detento | 1.00 | 18.58 |
| Regular | .80 | 6.79 |
| Regular | .75 | 11.07 |
| Stops | | 37.52 |
| Single Mileage | 68.00 | 278.50 |
| Regular | .80 | 6.79 |
| Regular | .80 | 7.38 |
| Stops | | 25.02 |
| Single Mileage | 680.00 | 271.53 |
| Salary Bonus | | 75.00 |
| Er Paid Sui | | 16.63 |
| California Fml | | 1.20- |
| Er Paid Sui | | .01- |

Tr.Shee/Date Total:
Tr.Shee/Date Total Earnings: 1,603.44

07/17/2014 11:11AM 8057719142

|||| |

CHARLES RODRIGUEZ

# Earnings Statement

PAGE 03/06

**ADP.**

Page 1 (Con't Next Page)
PENSKE TRUCK LEASING CO., L.P. 003-0023
RT 10 GREEN HILLS
READING PA 19603

Period Beginning: 07/27/2009
Period Ending: 08/02/2009
Pay Date: 08/07/2009

CHARLES J RODRIGUEZ JR
460 N ORANGEWOOD
FRESNO, CA 93727

Taxable Marital Status: Married
Exemptions/Allowances:
Federal: 1
CA: 8

Social Security Number: XXX-XX-0720

## Earnings

| | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 13.5800 | 3.50 | 47.54 | 3,024.75 |
| Regular | 14.7000 | | 1.76 | |
| Regular | | | 25.83 | |
| California Fnls | | | 6.18 | -29.42 |
| Drive Detention | 13.5800 | 2.28 | -0.97 | 556.73 |
| Er Paid Sui | | | 30.97 | 406.64 |
| Single Mileage | 0.4310 | 2400.00 | 13.47 | 27,485.49 |
| Stops | | | -1,000.54 | 3,540.33 |
| Overtime | | | 137.61 | 736.25 |
| Drive Other | | | | 177.15 |
| Holiday | | | | 472.40 |
| Safety Bonus | | | | 225.00 |
| Vacation | | | | 40,075.78 |
| | | | 3,528.57 | |

## Deductions

### Statutory

| | this period | year to date |
|---|---|---|
| Federal Income Tax | -117.39 | 3,843.14 |
| Social Security Tax | -75.92 | 2,322.97 |
| Medicare Tax | -17.75 | 543.27 |
| CA State Income Tax | -18.97 | 538.14 |
| CA SUI/SDI Tax | -13.47 | 406.64 |

### Other

| | this period | year to date |
|---|---|---|
| After Tax Flex | -7.69 | 244.28 |
| Before Tax Flex | -94.69* | 2,935.39 |
| Child Support | -11.54 | 369.28 |
| 401K | -13.07* | 390.97 |
| 401K Loan | -78.71 | 2,373.01 |

## Other

| | this period | year to date |
|---|---|---|
| Wage Chsd | | 11.54 |

\* Excluded from federal taxable wages

Your federal taxable wages this period are
$1,211.41

## Other Benefits and Information

| | this period | total to date |
|---|---|---|
| Info'L | | 356.83 |
| GP | | |
| Yld401 | | 356.97 |

## Important Notes

Your 401K is 6000/4860

| Tr.Sheet/Date | Desc | Hours | Earnings |
|---|---|---|---|
| 0728FR1004 | Regular | .50 | 6.79 |
| 0728FR1004 | Regular | .25 | 3.68 |
| 0728FR1004 | Regular | | 25.00 |
| 0728FR1004 | Single Mileage | 960.00 | 264.29 |
| 0728FR1004 | Drive Detention | .50 | 6.79 |
| Tr.Sheet/Date | Total | | 290.88 |
| 0727FR2006 | Regular | .25 | 3.40 |
| 0727FR2006 | Regular | .25 | 3.60 |
| 0727FR2006 | Stops | | 12.61 |
| 0727FR2006 | Single Mileage | 491.00 | 211.61 |
| 0727FR2006 | Drive Detention | .25 | 10.19 |
| Tr.Sheet/Date | Total | 1.75 | 241.41 |
| 0728MF3001 | Regular | | 23.77 |

©1998, 2005. ADP, Inc. All Rights Reserved.

◄ TEAR HERE

07/17/2014   11:11AM   8057719142

COPY   COPY   COPY   COPY

CHARLES RODRIGUEZ

# Earnings Statement

PAGE 04/06

**ADP**

Page 2

*PENSKE TRUCK LEASING CO., L.P.*
*RT 10 GREEN HILLS*
*READING PA 19603*

DCS -0029

| Period Beginning: | 07/27/2009 |
| Period Ending: | 08/02/2009 |
| Pay Date: | 08/07/2009 |

CHARLES J RODRIGUEZ JR
480 N ORANGEWOOD
FRESNO, CA 93727

| CO. | File: | DEPT. | CLOCK | NUMBER |
| --- | --- | --- | --- | --- |
| DC2 | 87F.1 | 33660 | 04958 | 50056004 | 1 |

Taxable Married Status:  Married
Exemptions/Allowances:
Federal:   1
CA:   0

Social Security Number:  XXX-XX-0720

| Tr. Sheet/Date | Desc | Hrs/Mile | Earnings |
| --- | --- | --- | --- |
| 0728MFF301 | Stops | | 25.02 |
| 0728MFF301 | Single Mileage | 259.00 | 111.65 |
| 0728MFF301 | Drive Detention | .26 | 3.80 |
| Tr. Sheet/Date | Total: | | 144.22 |
| 0729FR402 | Regular | .50 | 6.70 |
| 0729FR402 | Regular | .60 | 7.80 |
| Tr. Sheet/Date | Total: | | 37.53 |
| 0729FR402 | Stops | | 278.43 |
| 0729FR402 | Single Mileage | 646.00 | 10.19 |
| Tr. Sheet/Date | Drive Detention | .75 | 340.32 |
| 0730FR501 | Total: | | 6.16 |
| 0730FR501 | Regular | .50 | 7.36 |
| 0730FR501 | Regular | | 25.02 |
| 0730FR501 | Stops | | 199.36 |
| Tr. Sheet/Date | Single Mileage | 365.00 | 207.96 |
| 0730FR501 | Total: | | 6.79 |
| 0730FR5013 | Regular | .50 | 3.80 |
| 0730FR5013 | Regular | .25 | 12.81 |
| 0730FR5013 | Stops | | 38.19 |
| 0730FR5013 | Single Mileage | 77.00 | 18.47 |
| 0730FR5013 | Er Paid Sui | | 66.87- |
| Tr. Sheet/Date | California Fml | | 66.68 |
| Tr. Sheet/Date | Total: | | |
| Tr. Sheet/Date | Total Earnings: | | 1,910.17 |




07/17/2014   11:11AM   8057719142

CHARLES RODRIGUEZ

# Earnings Statement

PAGE   85/86

ADP

DR. ŠÝĽŁ DEPT CLOCK NUMBER
Page 1 (Con't Next Page)            003-0020
PENSKE TRUCK LEASING CO., L.P.
RT 10 GREEN HILLS
READING PA 19003

Period Beginning:   08/03/2009
Period Ending:      08/09/2009
Pay Date:           08/14/2009

CHARLES J RODRIGUEZ JR
490 N ORANGEWOOD
FRESNO, CA 93727

Taxable Marital Status:   Married
Exemptions/Allowances:
    Federal:   1
    CA:        0

Social Security Number: XXX-XX-0720

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 13.5600 | 2.16 | 29.34 | 3,107.04 |
| Regular | 14.7660 | 2.75 | 40.59 | |
| Regular | | | 12.30 | |
| California Frnls | | | -0.08 | |
| Drive Detention | 13.5600 | .50 | 6.79 | 573.92 |
| Er Paid Sui | | | 13.30 | 421.04 |
| Single Mileage | -0.4516 | 2412.00 | 1,099.36 | 20,465.98 |
| Stops | | | 162.83 | 3,702.96 |
| Overtime | | | | 736.25 |
| Drive Other | | | 177.15 | |
| Holiday | | | 472.40 | |
| Safety Bonus | | | 225.00 | |
| Vacation | | | 3,868.57 | 41,379.41 |

| Other | this period | Year to date |
|---|---|---|
| Wgps Offset | | 11,64.. |

* Excluded from federal taxable wages

Your federal taxable wage this period are

| Other Benefits and Information | this period | total to date |
|---|---|---|
| GI | 46.80 | 373.92 |
| Ytd401 | | 409.88 |

$1,195.03

Important Notes
Your 401D is 08/00/1988

| Deductions | Statutory | | this period | year to date |
|---|---|---|---|---|
| Federal Income Tax | | | -115.86 | 3,759.22 |
| Social Security Tax | | | -77.85 | 2,400.82 |
| Medicare Tax | | | -19.21 | 561.48 |
| CA State Income Tax | | | -18.01 | 654.15 |
| CA SUI/SDI Tax | | | -13.30 | 421.84 |

| Other | | | | |
|---|---|---|---|---|
| Adv Tax Fica | | | -7.88 | 282.18 |
| Before Tax Flex | | | -84.60* | 3,090.08 |
| Child Support | | | -11.54 | 360.82 |
| 401K | | | -12.01* | 409.68 |
| 401K Loan | | | -78.71 | 2,454.72 |

| | Tr.Sheet/Date | Desc | Stub/blo | Earnings |
|---|---|---|---|---|
| | 0809FR1002 | Regular | .80 | 6.79 |
| | 0809FR1002 | Regular | .50 | 7.38 |
| | 0809FR1002 | Stops | | 25.02 |
| | 0809FR1002 | Single Mileage | 817.00 | 266.93 |
| | 0809FR1002 | Total | | 305.12 |
| | 0809FR2013 | Regular | .25 | 3.69 |
| | 0809FR2013 | Stops | | 12.51 |
| | 0809FR2013 | Single Mileage | 266.00 | 114.65 |
| | Tr.Sheet/Date Total: | | | 130.85 |
| | 0809FR2015 | Regular | | 6.18 |
| | 0809FR2015 | Regular | | 3.40 |
| | 0809FR2015 | Regular | | 3.89 |
| | 0809FR2015 | Stops | | 12.81 |

COPY

07/17/2014   11:11AM   8057719142

CHARLES RODRIGUEZ

# Earnings Statement

**PAGE**  85/86

Page 2

PENSKE TRUCK LEASING CO., L.P.
RT 10 GREEN HILLS
READING PA 19603

Period Beginning: 08/03/2009
Period Ending: 08/09/2009
Pay Date: 08/14/2009

CHARLES J RODRIGUEZ JR
480 N ORANGEWOOD
FRESNO, CA 93727

Taxable Marital Status:   Married

| | | | Hrs/Unit | Earnings |
|---|---|---|---|---|
| Tr. Sheet/Date | | Date | 201.00 | 86.63 |
| 003FR2015 | Single Mileage | | | 112.41 |
| Tr. Sheet/Date | Total: | | | 10.19 |
| 004MFR302 | Regular | | .75 | 7.38 |
| 004MFR302 | Regular | | .50 | 50.04 |
| 004MFR302 | Stops | | | 119.82 |
| 004MFR302 | Single Mileage | | 270.00 | 6.79 |
| 004MFR302 | Drive Detention | | .80 | 194.22 |
| Tr. Sheet/Date | Total: | | | 4.46 |
| 005FR402 | Regular | | | 11.07 |
| 005FR402 | Regular | | | 37.58 |
| 005FR402 | Stops | | | 274.55 |
| Tr. Sheet/Date | Total: | | 697.00 | 327.63 |
| 005FR502 | Single Mileage | | | 6.18 |
| 005FR502 | Regular | | | 4.46 |
| 005FR502 | Regular | | .55 | 7.34 |
| 005FR502 | Stops | | .50 | 25.62 |
| 005FR502 | Single Mileage | | 419.00 | 178.00 |
| 005FR502 | Er Paid SUI | | | 19.30 |
| 005FR502 | California Fml | | | |
| Tr. Sheet/Date | Total: | | | |
| Tr. Sheet/Date Total Earnings: | | | | 1,905.63 |

 COPY   COPY

 COPY   COPY

$6.90 0
US POSTAGE
FIRST-CLASS
062S000423075
92626

B75406.12

CERTIFIED MAIL™

7013 1090 0001 9141 3231

California Labor and Workforce
Development Agency
800 Capitol Mall, MIC-55
Sacramento, CA 95814

CALIFORNIA
Pacific Arts Plaza
3200 Bristol Street, Ste. 650, Costa Mesa, CA 92626
TEXAS
401 Congress Avenue, Ste. 1540, Austin, TX 78701

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

California Labor and Workforce
Development Agency
800 Capitol Mall, MIC-55
Sacramento, CA 95814

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail
☐ Registered
☐ Insured Mail
☐ Priority Mail Express™
☐ Return Receipt for Merchandise
☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)

7013 1090 0001 9141 3233

PS Form 3811, July 2013     Domestic Return Receipt

# EXHIBIT 2

07/17/2014  11:11AM  8057719142

CO.  FILE  DEPT.  CLOCK  NUMBER
LKZ  611321  382200 04505  0005265997  1

Page 1 (Cont Next Page)     002-0029
PENSKE TRUCK LEASING CO., L.P.
RT 10 GREEN HILLS
READING PA 19608

Taxable Marital Status: Married
Exemptions/Allowances:
Federal:          1
CA:               6

Social Security Number: XXX-XX-0720

CHARLES RODRIGUEZ

## Earnings Statement

PAGE 81/86

**ADP**

Period Beginning:   07/20/2009
Period Ending:      07/25/2009
Pay Date:           07/31/2009

CHARLES J RODRIGUEZ  JR
460 N ORANGEWOOD
FRESNO, CA  93727

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 13.5800 | 2.33 | 31.64 | 2,946.20 |
| Regular | 14.7620 | 2.75 | 40.59 | |
| Regular | | | 6.18 | |
| California Fmla | | | -1.20 | -28.45 |
| Drive Detention | 13.5800 | 3.75 | 50.93 | 535.76 |
| Er Paid Sui | | | 16.62 | 395.07 |
| Safety Bonus | | | | 226.00 |
| Single Mileage | | | 1,224.05 | 26,366.94 |
| Stops | | | 162.63 | 3,402.72 |
| Overtime | | | | 736.25 |
| Drive Other | | | | 177.15 |
| Holiday | | | | 472.40 |
| Vacation | | | | 3,528.57 |
| | | | | 38,756.61 |

| Deductions | Statutory | this period | year to date |
|---|---|---|---|
| | Federal Income Tax | -160.05 | 3,525.76 |
| | Social Security Tax | -93.73 | 2,247.05 |
| | Medicare Tax | -21.92 | 525.52 |
| | CA State Income Tax | -36.75 | 517.17 |
| | CA SUI/SDI Tax | -16.62 | 395.07 |
| | **Other** | | |
| | After Tax Flex | -7.88 | 236.40 |
| | Before Tax Flex | -94.69* | 2,840.70 |
| | Child Support | -11.54 | 357.74 |
| | 401K | -15.91* | 383.90 |
| | 401K Loan | -76.71 | 2,301.30 |

**Other**

| | this period | year to date |
|---|---|---|
| Wgps Offset | | -11.54 |

* Excluded from federal taxable wages

Your federal taxable wages this period are
$1,495.85

**Other Benefits and Information**

| | this period | total to date |
|---|---|---|
| Gtl | | 326.63 |
| Ytd401 | | 383.90 |

**Important Notes**
Your 8SOID is 500014959

| Tr. Sheet/Date | Desc | Hrs/Mile | Earnings |
|---|---|---|---|
| | Regular | .50 | 6.79 |
| | Regular | .50 | 7.38 |
| | Stops | | 37.53 |
| | Single Mileage | 635. 00 | 273.89 |
| | Drive Detentio | .75 | 10.19 |
| | Regular | .50 | 6.79 |
| | Regular | .50 | 7.38 |
| | Stops | | 37.53 |
| | Single Mileage | 379.00 | 163.85 |
| | Drive Detentio | 2.00 | 27.18 |
| | Regular | | 6.18 |
| | Regular | .25 | 3.69 |
| | Stops | | 12.51 |

07/17/2014  11:11AM  8057719142

CO.   FILE   DEPT.   CLOCK   NUMBER
LKz   611521  352/500  04505  0004265997  1

Page 2
PENSKE TRUCK LEASING CO., L.P.    002-0029
RT 10 GREEN HILLS
READING PA 19603

CHARLES RODRIGUEZ

# Earnings Statement

ADP.

Period Beginning:    07/20/2009
Period Ending:       07/26/2009
Pay Date:            07/31/2009

CHARLES J RODRIGUEZ JR
460 N ORANGEWOOD
FRESNO, CA 93727

Taxable Marital Status:   Married
Exemptions/Allowances:
   Federal:        1
   CA:             0

Social Security Number:   XXX-XX-0720

| Tr. Sheet/Date | Desc | Hrs/Mile | Earnings |
|---|---|---|---|
| | Single Mileage | 192.00 | 62.75 |
| | Regular | .33 | 4.48 |
| | Regular | .25 | 3.69 |
| | Stops | | 12.51 |
| | Single Mileage | 359.00 | 154.73 |
| | Drive Detento | 1.00 | 18.55 |
| | Regular | 1.50 | 8.79 |
| | Regular | .75 | 11.07 |
| | Stops | | 37.53 |
| | Single Mileage | 645.00 | 278.00 |
| | Regular | .50 | 8.79 |
| | Regular | .50 | 7.38 |
| | Stops | | 25.02 |
| | Single Mileage | 630.00 | 271.53 |
| | Safety Bonus | | 75.00 |
| | Er Paid Sui | | 18.63 |
| | California Fml | | 1.20- |
| | Er Paid Sui | | .01- |
| **Tr. Sheet/Date Total:** | | | **1,606.44** |
| **Tr. Sheet/Date Total Earnings:** | | | **1,606.44** |

COPY

07/17/2014  11:11AM  8057719142

CO. FILE 511621   DEPT. 382800   CLOCK 04505   NUMBER 0005269694  1

Page 1 (Con't Next Page)                     003-0029
PENSKE TRUCK LEASING CO., L.P.
RT 10 GREEN HILLS
READING PA 19603

CHARLES RODRIGUEZ

# Earnings Statement

PAGE 03/06



| Period Beginning: | 07/27/2009 |
| Period Ending: | 08/02/2009 |
| Pay Date: | 08/07/2009 |

CHARLES J RODRIGUEZ JR
460 N ORANGEWOOD
FRESNO, CA 93727

Taxable Marital Status: Married
Exemptions/Allowances:
Federal    1
CA         6

Social Security Number: XXX-XX-0720

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 13.5800 | 3.50 | 47.54 | 3,024.75 |
| Regular | 14.7020 | 1.75 | 25.83 | |
| Regular | | | 6.18 | |
| California Fmla | | | -0.97 | -29.42 |
| Drive Detention | 13.5800 | 2.28 | 30.97 | 566.73 |
| Er Paid Sui | | | 13.47 | 408.54 |
| Single Mileage | 0.4310 | 2456.00 | 1,059.54 | 27,485.48 |
| Stops | | | 137.61 | 3,540.33 |
| Overtime | | | | 735.25 |
| Drive Other | | | | 177.15 |
| Holiday | | | | 472.40 |
| Safety Bonus | | | | 225.00 |
| Vacation | | | | 3,528.57 |
| | | | | 40,075.78 |

| Other | this period | year to date |
|---|---|---|
| Wgps Offset | | 11.54 |

* Excluded from federal taxable wages

Your federal taxable wages this period are
$1,211.41

**Other Benefits and Information**

| | this period | total to date |
|---|---|---|
| Gtl | | 326.83 |
| Ytd401 | | 396.97 |

**Important Notes**
Your SSOID is 600014969

| Tr. Sheet/Date | Desc | Hrs/Mile | Earnings |
|---|---|---|---|
| 0726FR1004 | Regular | .50 | 6.79 |
| 0726FR1004 | Regular | .25 | 3.69 |
| 0726FR1004 | Stops | | 25.02 |
| 0726FR1004 | Single Mileage | 590.00 | 254.29 |
| 0726FR1004 | Drive Detentio | .50 | 6.79 |
| 0726FR1004 | Total: | | 296.58 |
| Tr. Sheet/Date | Regular | .25 | 3.40 |
| 0727FR2003 | Regular | .25 | 3.69 |
| 0727FR2003 | Stops | | 12.81 |
| 0727FR2003 | Single Mileage | 491.00 | 211.62 |
| 0727FR2003 | Drive Detentio | .75 | 10.19 |
| Tr. Sheet/Date | Total: | | 361.41 |
| 0728MFF301 | Regular | 1.75 | 23.77 |

| Deductions | | | |
|---|---|---|---|
| **Statutory** | | this period | year to date |
| Federal Income Tax | | -117.38 | 3,643.14 |
| Social Security Tax | | -75.92 | 2,322.97 |
| Medicare Tax | | -17.75 | 543.27 |
| CA State Income Tax | | -18.97 | 536.14 |
| CA SUI/SDI Tax | | -13.47 | 408.54 |
| **Other** | | | |
| After Tax Flex | | -7.88 | 244.28 |
| Before Tax Flex | | -94.69* | 2,935.39 |
| Child Support | | -11.54 | 369.28 |
| 401K | | -13.07* | 396.97 |
| 401K Loan | | -76.71 | 2,378.01 |

©1996, 2006, ADP, Inc. All Rights Reserved.

◄ TEAR HERE

07/17/2014  11:11AM  8057719142

CO. FILE DEPT. CLOCK NUMBER
LRZ 611521 382000 04508 000528664  1

Page 2

PENSKE TRUCK LEASING CO., L.P.
RT 10 GREEN HILLS
READING PA 19608

003-0029

CHARLES RODRIGUEZ

# Earnings Statement

PAGE 04/05

**ADP**

Period Beginning:   07/27/2009
Period Ending:      08/02/2009
Pay Date:           08/07/2009

CHARLES J RODRIGUEZ JR
460 N ORANGEWOOD
FRESNO, CA 93727

Taxable Marital Status:  Married
Exemptions/Allowances:
  Federal:  1
  CA:  0

Social Security Number: XXX-XX-0720

| Tr. Sheet/Date | Date | Hrs./Mls. | Earnings |
|---|---|---|---|
| 0728MFF301 | Stops | | 25.02 |
| 0728MFF301 | Single Mileage | 259.00 | 111.63 |
| 0728MFF301 | Drive Detentio | .28 | 3.60 |
| Tr. Sheet/Date | Total: | | 164.22 |
| 0729FR4021 | Regular | .50 | 6.79 |
| 0729FR4021 | Regular | .50 | 7.38 |
| 0729FR4021 | Stops | | 37.53 |
| 0729FR4021 | Single Mileage | 646.00 | 278.43 |
| 0729FR4021 | Drive Detentio | .78 | 10.19 |
| Tr. Sheet/Date | Total: | | 360.32 |
| 0730FR5001 | Regular | | 6.18 |
| 0730FR5001 | Regular | .50 | 7.35 |
| 0730FR5001 | Stops | | 25.02 |
| 0730FR5001 | Single Mileage | 363.00 | 169.38 |
| Tr. Sheet/Date | Total: | | 207.98 |
| 0730FR5013 | Regular | .50 | 6.79 |
| 0730FR5013 | Regular | .25 | 3.69 |
| 0730FR5013 | Stops | | 12.51 |
| 0730FR5013 | Single Mileage | 77.00 | 33.19 |
| 0730FR5013 | Er Paid Sul | | 15.47 |
| 0730FR5013 | California Fml | | .97 |
| Tr. Sheet/Date | Total: | | 68.68 |
| Tr. Sheet/Date Total Earnings: | | | 1,319.17 |




07/17/2014  11:11AM  8057719142

CHARLES RODRIGUEZ

PAGE  05/06

# Earnings Statement

**ADP**

| | |
|---|---|
| Period Beginning: | 08/03/2009 |
| Period Ending: | 08/09/2009 |
| Pay Date: | 08/14/2009 |

CO.   FILE   DEPT.   CLOCK   NUMBER
LR2   611Bz1   382800   04568   0005271156   1

Page 1 (Cont Next Page)   003-0029
PENSKE TRUCK LEASING CO., L.P.
RT 10 GREEN HILLS
READING PA 19603

CHARLES J RODRIGUEZ  JR
460 N ORANGEWOOD
FRESNO, CA 93727

Taxable Marital Status: Married
Exemptions/Allowances:
Federal:  1
CA:  6

Social Security Number: XXX-XX-0720

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 13.5600 | 2.16 | 29.34 | 3,107.04 |
| Regular | 14.7620 | 2.75 | 40.59 | |
| Regular | | | 12.35 | |
| California Fmla | | | -0.96 | -30.36 |
| Drive Detention | 13.5800 | | 6.79 | 573.52 |
| Er Paid Sui | | | 13.30 | 421.84 |
| Single Mileage | -0.4910 | -2412.00 | -1,699.58 | -28,465.00 |
| Stops | | | 162.63 | 3,702.96 |
| Overtime | | | | 736.25 |
| Drive Other | | | | 177.15 |
| Holiday | | | | 472.40 |
| Safety Bonus | | | | 225.00 |
| Vacation | | | | 3,628.57 |
| | | | | 41,379.41 |

**Other**

| | this period | year to date |
|---|---|---|
| Wgps Offset | | 11.54 |

\* Excluded from federal taxable wages

Your federal taxable wages this period are

$1,196.03

**Other Benefits and Information**

| | this period | total to date |
|---|---|---|
| Gtl | 46.69 | 373.52 |
| Ytd401 | | 409.88 |

**Important Notes**

Your SSC/ID is 600014963

## Deductions

**Statutory**

| | | year to date |
|---|---|---|
| Federal Income Tax | -115.08 | 3,758.22 |
| Social Security Tax | -77.85 | 2,400.82 |
| Medicare Tax | -18.21 | 561.48 |
| CA State Income Tax | -18.01 | 554.15 |
| CA SUI/SDI Tax | -13.30 | 421.84 |

**Other**

| | | |
|---|---|---|
| After Tax Flex | -7.98 | 252.16 |
| Before Tax Flex | -94.69* | 3,030.08 |
| Child Support | -11.54 | 380.82 |
| 401K | -12.91* | 409.88 |
| 401K Loan | -76.71 | 2,454.72 |

| Tr.Sheet/Date | Desc | Hrs/Mile | Earnings |
|---|---|---|---|
| 0802FR1002 | Regular | .50 | 6.79 |
| 0802FR1002 | Regular | .50 | 7.38 |
| 0802FR1002 | Stops | | 25.02 |
| 0802FR1002 | Single Mileage | 817.00 | 265.93 |
| Tr. Sheet/Date Total: | | | 305.12 |
| 0803FR2013 | Regular | | 3.69 |
| 0803FR2013 | Stops | | 12.61 |
| 0803FR2013 | Single Mileage | .25 | 114.65 |
| Tr. Sheet/Date Total: | | | 130.85 |
| 0803FR2015 | Regular | | 6.18 |
| 0803FR2015 | Regular | | 9.40 |
| 0803FR2015 | Regular | | 3.69 |
| 0803FR2015 | Stops | | 12.61 |

266.00

07/17/2014 11:11AM 8057719142

CHARLES RODRIGUEZ

# Earnings Statement

PAGE 06/06



CO: FILE DEPT. CLOCK NUMBER
LR2 611321 382800 04005 0006271158 1

Page 2

PENSKE TRUCK LEASING CO., L.P.          003-0029
RT 10 GREEN HILLS
READING PA 19603

Period Beginning:    08/03/2009
Period Ending:       08/09/2009
Pay Date:            08/14/2009

Taxable Marital Status:  Married
Exemptions/Allowances:
Federal:  1
CA:       0

CHARLES J RODRIGUEZ JR
480 N ORANGEWOOD
FRESNO, CA 93727

Social Security Number: XXX-XX-0720

| Tr. Sheet/Date | Date | Hrs/Mls | Earnings |
|---|---|---|---|
| 0803FR2015 | Single Mileage | 201.00 | 86.63 |
| Tr. Sheet/Date | Total: | | 112.41 |
| 0804MFF302 | Regular | .75 | 10.19 |
| 0804MFF302 | Regular | .50 | 7.38 |
| 0804MFF302 | Stops | | 50.04 |
| 0804MFF302 | Single Mileage | 278.00 | 119.82 |
| 0804MFF302 | Drive Detentio | .50 | 6.79 |
| Tr. Sheet/Date | Total: | | 194.22 |
| 0805FR4002 | Regular | .33 | 4.48 |
| 0805FR4002 | Regular | .75 | 11.07 |
| 0805FR4002 | Stops | | 37.53 |
| 0805FR4002 | Single Mileage | 687.00 | 274.55 |
| Tr. Sheet/Date | Total: | | 327.63 |
| 0806FR5002 | Regular | .33 | 6.18 |
| 0806FR5002 | Regular | .50 | 4.48 |
| 0806FR5002 | Regular | | 7.38 |
| 0806FR5002 | Stops | | 26.02 |
| 0806FR5002 | Single Mileage | 413.00 | 176.00 |
| 0806FR5002 | E'r Paid Sui | | 13.30 |
| 0806FR5002 | California Fml | | .96- |
| Tr. Sheet/Date | Total: | | 233.40 |
| Tr. Sheet/Date Total Earnings: | | | 1,303.63 |